NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CABLEVISION OF OAKLAND, LLC, | |
| Plaintiff, | |
| | Civil Action No. 03-2098 (JAG) |
| v. | |
| | OPINION |
| REGINALD STEVENS, | |
| Defendant. | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion by Plaintiff, Cablevision of Oakland, LLC ("Cablevision") for partial summary judgment, pursuant to FED. R. CIV. P. 56. For the reasons set forth below, this motion shall be denied.

### I. BACKGROUND

In brief, this case concerns a cable television provider, Cablevision, which alleges that Defendant Reginald Stevens ("Stevens") purchased, used, and distributed to others decoder chips which enabled the unauthorized viewing of cable television, in violation of the Federal Communications Act. On May 5, 2003, Cablevision filed the Complaint, which contained one claim – alleging the sale, distribution and use of decoder equipment, in violation of 47 U.S.C. § 553(a).

The parties do not dispute the following facts. In or around December, 1996, Stevens purchased some number of decoder chips from a company named North Tech, Inc., and took

delivery of them.  Stevens distributed at least two decoders to others.  Cablevision learned of the purchase when it obtained North Tech's invoice records on May 10, 2001.

## II. STANDARD OF REVIEW

Summary judgment is appropriate under FED. R. CIV. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Cascara v. Pomeroy, 313 F.3d 828, 832-33 (3d Cir. 2002).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  This Court shall "view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor."  Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007) (citation omitted).  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence . . . ."  Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

When the moving party has the burden of proof on an issue at trial, that party has "the burden of supporting their motions 'with credible evidence . . . that would entitle [them] to a directed verdict if not controverted at trial.'"  In re Bressman, 327 F.3d 229, 237 (3d Cir. 2003) (quoting Celotex, 477 U.S. at 331); see also United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1438 (11th Cir. 1991) ("When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it . . . must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable

jury could find for the non-moving party." (emphasis in original)  (internal citations omitted).) Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Twp., 772 F.2d 1103, 1109 (3d Cir. 1985).  The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995).  "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment."  Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990); see also FED. R. CIV. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial").  "If the motion does not establish the absence of a genuine factual issue, the district court should deny summary judgment even if no opposing evidentiary matter is presented."  Foster v. Morris, 208 F. App'x 174, 179 (3d Cir. 2006).

### III.  ANALYSIS

Cablevision moves for summary judgment on its cause of action premised on Stevens' distribution of the decoder chips, pursuant to 47 U.S.C. § 553(a), which states:

> (1) No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.
>
> (2) For the purpose of this section, the term 'assist in intercepting or receiving' shall include the manufacture or distribution of equipment intended by the manufacturer or distributor (as the case may be) for unauthorized reception of any communications service offered over a cable system in violation of subparagraph (1).

Cablevision argues that Stevens' distribution of the decoder chips constitutes assisting in receiving unauthorized communications services, under these provisions.

Cablevision contends that, as to liability for assisting, these provisions can be understood as having three elements: 1) assisting others in intercepting or receiving services; 2) the services were communication services offered over a cable system; and 3) the reception was without authorization by the cable operator or law. Cablevision acknowledges that, pursuant to § 553(a)(2), to prove the element of assisting others, a plaintiff must prove that the defendant acted with the requisite intent that the distributed equipment be used for unauthorized reception of cable services. (Pl.'s Br. 11.)

Stevens contends that a genuine issue as to a material fact exists as to the first element, and this argument easily succeeds. As the Supreme Court has stated, "questions of subjective intent so rarely can be decided by summary judgment." Harlow v. Fitzgerald, 457 U.S. 800, 816 (1982). Stevens has submitted a certification which states an intent to use the chips to "get better television reception." (Stevens Cert. ¶ 2.) A reasonable jury could hear this evidence and conclude that Stevens lacked the requisite intent that the distributed equipment be used for unauthorized reception of cable services. Defendant's certification constitutes "actual evidence that creates a genuine issue as to a material fact for trial." Anderson, 477 U.S. at 248. As the non-moving party without the burden of proof of intent, Stevens has proffered sufficient evidence to defeat Cablevision's motion for summary judgment on violation of 47 U.S.C. § 553(a)(1) by assisting others.

Cablevision points to various evidence that supports the conclusion that the decoders could have only an illegal purpose and that, therefore, Stevens must have had the requisite intent.

4

On summary judgment, however, the Court does not weigh the evidence. Nor may this Court, on summary judgment, make any determination about Stevens' credibility. The question of Stevens' intent in distributing the decoders is a matter for a jury to decide.

In addition, Stevens has responded to the motion for partial summary judgment by asserting two affirmative defenses: the statute of limitations and laches. Although Stevens has succeeded in defeating Cablevision's motion for partial summary judgment, this Court notes that these affirmative defenses do not succeed.

As to the statute of limitations affirmative defense, Stevens contends that Cablevision's action is time-barred. New Jersey uses the discovery rule to determine the date of accrual of a cause of action, which begins the running of the statute of limitations. In applying this discovery rule, "[t]he standard is basically an objective one – whether plaintiff 'knew or should have known' of sufficient facts to start the statute of limitations running." Caravaggio v. D'Agostini, 166 N.J. 237, 246 (2001). Stevens thus is incorrect in contending that Cablevision's cause of action accrued in December of 1996, when he took delivery of the decoders. Rather, since Stevens does not dispute Cablevision's assertion that it did not obtain the decoder purchase records until May 10, 2001, the limitations period began to run on May 11, 2001, one day after Cablevision knew or should have known that Stevens had taken delivery of the decoders.

"Determining the statute of limitations period for activity governed by a federal statute is a question of federal law. Nevertheless, as recognized by the Supreme Court in North Star Steel Co. v. Thomas, 515 U.S. 29 (1995), when a federal statute fails to provide a statute of limitations, a court should look to analogous state statutes." KingVision Pay-Per-View, Corp. v. 898 Belmont, Inc., 366 F.3d 217, 220 (3d Cir. 2004). In KingVision, the Third Circuit discussed

the question of what statute of limitations should apply to an action pursuant to 47 U.S.C. § 553 in Pennsylvania.  The Third Circuit noted that "federal district courts have applied the federal limitations period under the Copyright Act to FCA claims when the only state law from which to borrow a limitations period was a general conversion law."  Id. at 223.  In that case, however, because Pennsylvania has a piracy statute that mirrors the provisions of the Federal Communications Act, the Third Circuit held that the statute of limitations from the state statute applied.  Id. at 224-225.

In the instant case, neither party has pointed to a New Jersey statute that is analogous to 47 U.S.C. § 553, nor is this Court aware of one.  Stevens argues that, for an analogous state statute, this Court should look to N.J. Stat. Ann. § 2C:20-8, New Jersey's criminal statute for theft of cable television services.  Stevens fails to persuade this Court that a state criminal statute is analogous to the Cable Communications Policy Act of 1984.  Stevens proposes no other state statute as analogous and, inasmuch as Defendant argues the statute of limitations as an affirmative defense, he bears the burden of proof.  FED. R. CIV. P. 8(c); Moore v. Kulicke & Soffa Indus., 318 F.3d 561, 566 (3d Cir. 2003).  Stevens has not met this burden.

As such, pursuant to Kingvision, this Court applies the federal limitations period under the Copyright Act, which is three years.  17 U.S.C. § 507(b).  With a date of accrual of May 11, 2001, Cablevision's suit, filed May 8, 2003, is not barred by the statute of limitations.

Stevens next argues that Plaintiff's action is time-barred under the doctrine of laches.  Plaintiff points to the fact that, after an erroneous order of dismissal was entered onto the docket on June 21, 2004, Plaintiff took no further action to prosecute the case until October of 2007.  "The elements of the equitable defense of laches are (1) lack of diligence by the party against

6

whom the defense is asserted, and (2) prejudice to the party asserting the defense. These elements are conjunctive, and since laches is a defense, the burden of establishing both is on the defendant." EEOC v. A&P, 735 F.2d 69, 80 (3d Cir. 1984). Defendant fails to explain how equity requires that the action now be time-barred. As Plaintiff notes, Defendant has not articulated how he suffered prejudice from this delay. As such, he has not carried his burden of proof on the defense of laches.

## IV. CONCLUSION

For the reasons stated above, since Defendant has raised a genuine issue as to a material fact, Plaintiff's motion for partial summary judgment (Docket Entry No. 28), pursuant to FED. R. CIV. P. 56, shall be denied.

       S/Joseph A. Greenaway, Jr.
       JOSEPH A. GREENAWAY, JR., U.S.D.J.

Date: July 28, 2008